934 So.2d 605 (2006)
Christopher Quinn LEWIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-646.
District Court of Appeal of Florida, Fifth District.
July 21, 2006.
Christopher Quinn Lewis, Daytona Beach, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Christopher Q. Lewis filed a petition for writ of mandamus, seeking to compel the circuit court of the Ninth Judicial Circuit to rule on a motion for postconviction relief filed initially on June 23, 2005, and amended on July 25, 2005. In response, the State advised this Court that on March 3, 2006, the circuit court ordered the State to respond within sixty days to Lewis's rule 3.850 motion. The State urged that because "the circuit court is aware of the pending motion, the petition for writ of mandamus should be denied." We declined the State's invitation to dismiss the matter, and, instead, directed the State to file a status report regarding the postconviction proceedings on or before June 1, 2006. In compliance therewith, the State notified this Court that on April 28, 2006, the trial court granted the State an additional sixty days within which to respond to the rule 3.850 motion. The order does not inform us as to why such an extension was necessary. As it now stands, Lewis's motion for postconviction relief has been pending for approximately one year and a ruling has not been made.
Mandamus lies to compel a trial court to rule on a motion or petition after a reasonable time. Matthews v. Circuit Court, 515 So.2d 1065 (Fla. 5th DCA 1987). Given the status of the matter below, once the State responds to Lewis's rule 3.850 motion, the trial court may grant relief, summarily deny relief, or order an evidentiary hearing. We have no way of knowing which of these will occur, or, more importantly, when a final order will be entered.
While we are loath to interfere with a trial judge's management of his or her *606 docket, we are concerned that the failure to rule on Lewis's motion impairs his rights of access to the courts and due process. Accordingly, we are compelled to grant the petition for writ of mandamus. McBride v. State, 443 So.2d 416 (Fla. 4th DCA 1984).
We direct the Honorable Julie H. O'Kane, or her successor, to rule on Lewis's rule 3.850 motion for postconviction relief within thirty days of receipt of this order. If an evidentiary hearing is required, an additional sixty days will be allowed to conduct same.
PETITION GRANTED; WRIT ISSUED.
GRIFFIN, PALMER and ORFINGER, JJ., concur.