960 So.2d 899 (2007)
Michael E. DEBOLES, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-38.
District Court of Appeal of Florida, Fifth District.
July 20, 2007.
Michael E. Deboles, Jasper, pro se.
Bill McCollum, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
The petitioner, Michael E. Deboles, seeks a writ of mandamus to compel the trial court to "review, hear and rule" on his motion for post-conviction relief. Because of the unreasonable amount of time that has elapsed since the filing of the post-conviction motion and the uncertainty concerning when a ruling will be forthcoming, we grant the writ.
Mr. Deboles originally filed his rule 3.850 motion asserting ineffective assistance of counsel on May 19, 2005. Eight days later the trial court dismissed the motion without prejudice because of a technical deficiency. On June 8, 2005, Mr. Deboles filed a procedurally sufficient motion.
Eleven months later on May 18, 2006, because the trial court took no action on his pending rule 3.850 motion, Mr. Deboles moved to amend his motion to add additional *900 claims. The trial court granted the motion to amend on June 6, 2006. Having still received no ruling on his motion, Mr. Deboles on August 3, 2006, filed a motion to "review, hear and rule" on his motion. A month later he filed a document entitled "Notice of Intent to Mandamus." Still no ruling was forthcoming.
On January 4, 2007, Mr. Deboles filed the present petition with this court seeking mandamus.[1] On February 6, 2007, we ordered the Attorney General to respond to the petition. The Attorney General reported back that on February 13th the trial court had issued an order directing the State to respond to Mr. Deboles' motion within a most generous sixty days. Nothing happened.
On March 12, 2007, we ordered the Attorney General to give us a status report on the processing of the 3.850 proceeding. On May 14th, the Attorney General reported that, incredibly, the State had failed to respond, and did not request additional time to respond to the trial court's order of February 13th directing a response to the still pending 3.850 proceeding. Despite the State's failure to respond, the trial court nevertheless granted an additional thirty days response time for the State. We have run out of patience.
Mandamus is appropriate to compel a trial court to rule on a motion or petition within a reasonable time. See Lewis v. State, 934 So.2d 605 (Fla. 5th DCA 2006); Matthews v. Circuit Court, 515 So.2d 1065 (Fla. 5th DCA 1987). The present proceeding is now more than two years old. Significantly, at this point we have no way of knowing when a ruling by the trial court below will be forthcoming.
"While we are loath to interfere with a trial judge's management of his or her docket," we are concerned that the failure to rule on the motion filed by Mr. Deboles so long ago might impair his right of access to the courts. See Lewis, 934 So.2d at 605-06. Accordingly, we feel compelled to issue the writ of mandamus. See McBride v. State, 443 So.2d 416 (Fla. 4th DCA 1984).
We, therefore, direct the Honorable Daniel P. Dawson, or his successor to rule on the rule 3.850 motion filed by Mr. Deboles within thirty days of receipt of this order. If an evidentiary hearing is required, an additional sixty days will be allowed to conduct the same.
PETITION GRANTED; WRIT ISSUED.
PLEUS, MONACO and TORPY, JJ., concur.
NOTES
[1] We note that the petition reflects that it was provided to correction officials on November 2, 2006. It is entirely unclear why there was such a significant delay between the "mail box" rule filing of the petition and its ultimate arrival in this Court more than two months later on January 4, 2007.